UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRELL LLOYD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4288** |
| **MARLIN GUSMAN, STATE OF LOUISIANA, ORLEANS PARISH POLICE JURY, AZSY INSURANCE COMPANY, AND JOHN AND/OR JOAN DOE** | **SECTION "N"(4)** |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are a **Motion to Dismiss Defendant State of Louisiana (Rec. Doc. No. 11)** filed by the State of Louisiana, and a **Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Rec. Doc. No. 18)** filed by Orleans Parish Criminal Sheriff Marlin Gusman. Also before the Court is a **Motion for Appointment of Counsel (Rec. Doc. No. 24)** filed by the plaintiff, Darrell Lloyd. The motions, along with the entire case, were referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

On March 13, 2007, the undersigned Magistrate Judge conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny. The plaintiff, Darrell Lloyd, and counsel for Sheriff Gusman, Timothy R. Richardson, participated by telephone.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

## I.    Factual Summary

### A.    The Complaint

The plaintiff, Darrell Lloyd ("Lloyd"), is incarcerated in the Allen Correctional Center ("Allen") in Kinder, Louisiana. Lloyd filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, the State of Louisiana, the Orleans Parish Police Jury, the AZSY Insurance Company, and John and/or Joan Doe. Lloyd seeks monetary damages for the alleged untimely evacuation and unsafe conditions of confinement as a result of Sheriff Gusman's alleged negligence during Hurricane Katrina.

Lloyd alleges that he was housed in the South White Street Facility ("SW") within the Orleans Parish Prison system ("OPP") on August 29, 2005, when the events that form the basis of this lawsuit occurred. He also alleges that Sheriff Gusman and his deputies had a duty to evacuate the inmates in light of the approach of Hurricane Katrina and they failed to do so. Instead, he claims, he was abandoned and left to fend for himself in the locked jail with water rising up to three to six feet. He further complains that there was no food or water left for the inmates.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. *Spears*, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos*, 926 F.2d 480, 481 (5th Cir. 1991).

[2] Rec. Doc. No. 6. The plaintiff was sworn prior to testifying. The cassette tape of the hearing is being forwarded to the custody of the Court Recording Unit along with a copy of this order.

Lloyd claims that, around 4:30 p.m. on August 30, 2005, he was moved to "the fish farm," where he spent the night outside in the water. He alleges that he was transported by bus on August 31, 2005, to the Elayn Hunt Correctional Center ("Hunt"). He claims to have had a seizure after he arrived at Hunt as a result of not having had his medicine on schedule. Lloyd also alleges that he was given a blanket and had to sleep in a field, on the ground, in the cool air and rain, with mosquitoes biting him all night. He also claims that he was "thrown a sack lunch across the fence" consisting of two sandwiches. He was also given water to drink from a hose.

Lloyd next alleges that, on September 1, 2005, he was transported to Allen Correctional Center, which has become his permanent place of confinement. He received clean clothes, a bath, and his first hot meal. Lloyd claims that he suffers from stress and fear, and his blood pressure has become unstable as a result of the period of time that passed without medication.

As a result, Lloyd seeks $1 million in monetary damages for pain and suffering as a result of the denial of medical care during the storm which caused him to have a seizure and unstable blood pressure, stress and fear, recurring memories of the events of August 29, 2005, and the loss of family photos.

    **B.**    **The *Spears* Hearing**

Lloyd testified that, on August 28, 2005, he was a trustee housed on the first floor of the South White Street facility. He stated that, when Hurricane Katrina approached New Orleans, he and the other trustees were placed in one room of the trustee dorm. Lloyd claimed that they stayed there until the water started to rise and, on August 29, 2005, they were moved to the "fish farm." There, he and 300 or more inmates slept on planks of wood surrounding the fish tanks, surrounded by the flood waters. He remained there until 4:00 or 5:00 a.m. on August 30, when they walked to the booking area of the Central Lockup Unit. They were placed in boats and taken to the Broad Street bridge.

Lloyd testified further that he remained on the bridge until around 8:00 p.m. when he climbed down scaffolding to a bus which took him to Elayn Hunt Correctional Center. When he arrived there, he received food and water. He and the other inmates were given blankets and slept on the baseball field.

Lloyd complained that he was scared at Hunt because of fighting and stabbings. He stated that many inmates ran into their enemies during the chaos. Lloyd admitted the he was not attacked, confronted, stabbed or beaten.

Lloyd further stated that he had an aneurism in 1986 and suffers with occasional seizures as a result. At OPP, he received Dilantin every day at 3:00 p.m. However, he did not receive the medicine on August 28, 29, 30, or 31, 2005, during the Hurricane and evacuation.

He claims that, while at Hunt on August 31, 2005, he suffered a seizure, which caused him to shake and pee on himself until it stopped. He stated that the Hunt personnel did not know he had the seizure because the guards were at their posts. He did not ask for medical care because he did not want to cross the "gun line" to get to the guards.

At around 3:00 a.m. after he arrived at Hunt, he was put on to another bus and taken to Allen Correctional Center. Lloyd stated that, when he arrived at Allen, he told the officials about his seizure and he was given medication. He also received clothes and food. He states that he has not had a seizure since then.

Lloyd claims that he has named Sheriff Gusman as a defendant for his failure to comply with the mandatory evacuation ordered for the City of New Orleans. He further stated that he was not sure why he sued the AZSY Insurance Company, the Orleans Parish Police Jury, or the other unidentified parties.

**C.     Pending Motions**

The State of Louisiana has filed a Motion to Dismiss for lack of jurisdiction under the Eleventh Amendment doctrine of sovereign immunity. Sheriff Gusman has also filed a motion for judgment on the pleadings seeking dismissal of Lloyd's claims for failure to establish that Sheriff Gusman was aware that the approaching hurricane posed a substantial risk of serious harm or that he personally and intentionally disregarded the risk. He also argues that the plaintiff has not shown that Sheriff Gusman was personally responsible for his medical care or knew about his medical needs. The Sheriff argues that he can not be held vicariously liable under § 1983 for the actions and inactions of those in his employ.

In addition to the consideration of these motions, the Court also must conduct its statutory review for frivolousness.

## II.     Standards of Review

### A.     Review for Frivolousness

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v.*

*Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### B.     Review of a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Under Rule 12(b)(1) and (6), the court may dismiss a complaint if it lacks jurisdiction over the subject matter or for failure to state a claim upon which any relief may be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Ms., Inc. v. City of Madison, Ms.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In resolving a Rule 12(b) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990). Further, the Fifth Circuit has held that when reviewing pro se complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint and consider material subsequently

6

filed as amendments to that complaint. *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972).  In *Taylor v. Gibson*, the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses  [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated.  An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir.1976);  *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Finally, while conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted.  *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

### C.      **Review of a Motion for Judgement on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  The standard for addressing a Rule 12(c) motion is the same as that used for deciding motions to dismiss pursuant to Rule 12(b)(6).  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1368 at 591).

Thus, a motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.  *Great Plains Trust Co.*, 313 F.3d at 313 (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir.1990)).  The query for the Court is whether, in the light most favorable to the plaintiff, the complaint states a valid claim

for relief. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir.2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir.2000)).

The Court can dismiss a claim under Fed. R. Civ. P. 12(c) when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.1990)). In considering the motion, the pleadings should be construed liberally and judgment on the pleadings granted only if there are no disputed issues of fact and only questions of law remain. *Hughes*, 278 F.3d at 420 (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.1998)). "In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir.1996)).

The Court will not, however, accept as true conclusory allegations or unwarranted deductions of fact. *Great Plains Trust Co.*, 313 F.3d at 312-13 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones*, 188 F.3d at 324 (citations omitted).

### III.   Review for Frivolousness

#### A.   Claims Against the State of Louisiana

Lloyd has named the State of Louisiana as a defendant in this action. However, the State of Louisiana is immune from suit of this type in federal court.

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so in this case. To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Therefore, the claims against the State of Louisiana should be dismissed for lack of jurisdiction, as frivolous, and for failure to state a claim for which relief can be granted. In light of this conclusion, the Motion to Dismiss filed by the State of Louisiana should be dismissed as moot.

### B.     Claims Against Sheriff Gusman

Lloyd complains that Sheriff Gusman did not comply with the mandatory evacuation order which caused him to suffer fear and anxiety and to endure the untimely and negligently performed evacuation. The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 102-03 (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983.  However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Lloyd does not allege that Gusman was personally involved in the acts about which he complains or in the evacuation process itself.  He has not alleged that Sheriff Gusman was personally involved in transporting him through the flood waters to the Broad Street bridge.  His claims against the Sheriff are in this regard are based on a meritless legal theory.

Furthermore, to the extent Lloyd asserts that Sheriff Gusman acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous.  Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986).  Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment.  *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v.*

*Taylor Indept. School Dist.*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Instead, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

In this case, Lloyd has made no such showing of an intentional indifference by Sheriff Gusman. Lloyd does not allege that Sheriff Gusman ignored a known risk of danger to his safety or medical needs. The flooding as a result of the levee breaches after Hurricane Katrina passed through the metropolitan area was unprecedented and unanticipated. Gusman was under no constitutional burden to protect Lloyd from the unknown.

Lloyd has also failed to show that the temporary conditions caused by the hurricane violated his constitutional rights. In order to prove that the conditions of his confinement violated the Constitution, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living". *Farmer*, 511 U.S. at 834. An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare*, 74 F.3d at 633.

Furthermore, federal courts have repeatedly held that the Constitution does not mandate that prisons provide comfortable surroundings or commodious conditions. *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998). For these reasons, a short term sanitation problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)).

In sum, Lloyd has not alleged that Sheriff Gusman personally acted with deliberate indifference to his safety, any specific medical need, or to the sanitation of the prison during the unprecedented events and temporary conditions resulting after Hurricane Katrina, one of the largest disasters that the United States has experienced in its history. Lloyd recognizes that the officials realized the risk of harm caused by the rising waters and successfully evacuated the inmates from the prison, albeit under difficult and unpleasant circumstances. Without a showing of a deliberate indifference, Lloyd's claims against Sheriff Gusman should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e. Having reached this conclusion under the statutory review for frivolousness, the Sheriff's Motion for Judgment on the Pleadings is rendered moot.

### C. Orleans Parish Police Jury

Lloyd has also filed suit against the "Orleans Parish Police Jury." The Court must recognize that there exists no such entity within the local government. Furthermore, Lloyd does not set forth any factual basis for his claim against the "Police Jury." Without a specific allegation of a constitutional violation by a named defendant, the plaintiff's claims are frivolous and otherwise fail

to state a claim for which relief can be granted. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

### D.     Unidentified Insurance Company and Other Parties

Additionally, Lloyd has listed an unidentified insurance company as "the AZSY Insurance Company" and two other unidentified individuals, John and/or Joan Doe, as defendants in this action. He does not set forth any facts related to these unidentified parties and could state none at the *Spears* Hearing. Lloyd also has not alleged the basis for their liability to him or their connection to the circumstances surrounding the evacuation of the prison. Therefore, his claims against these unidentified parties should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

### IV.    Order and Recommendation

It is therefore **RECOMMENDED** that Lloyd's § 1983 claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Lloyd's § 1983 claims against Sheriff Gusman, the Orleans Parish Police Jury, the AZSY Insurance Company, and the unidentified parties, be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that the **Motion to Dismiss Defendant State of Louisiana (Rec. Doc. No. 11)** filed by the State of Louisiana, and the **Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Rec. Doc. No. 18)** filed by Sheriff Gusman be **DISMISSED AS MOOT**.

**IT IS ORDERED** that the plaintiff's **Motion for Appointment of Counsel (Rec. Doc. No. 24)** is **DENIED** in light of the recommendations made herein.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __30th__ day of _____May_____, 2007

                                                  **KAREN WELLS ROBY**
                                       **UNITED STATES MAGISTRATE JUDGE**